# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES E. STULLER, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   CAUSE NO.: 1:15-CV-345-TLS |
| Acting Commissioner of Social Security, | ) ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

This case was reassigned to the undersigned for all further proceedings pursuant to General Order 2017-4 [ECF No. 3] effective May 1, 2017. This matter is before the Court on the Defendant's Motion to Dismiss [ECF No. 12], which the Court converted to a Motion for Summary Judgment on June 6, 2017 [ECF No. 18].[1] The Plaintiff, Charles E. Stuller, filed his Complaint outside the 60-day limitation period provided the Social Security Act, 42 U.S.C. § 405(g). The Appeals Council found that the Plaintiff did not provide good cause for an extension request for the filing deadline. Additionally, under Seventh Circuit precedent, the Plaintiff has not provided an adequate basis for equitably tolling the filing date for his Complaint. Therefore, the Court grants the Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] The parties have presented matters outside the pleadings on this Motion to Dismiss, and therefore "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

Civ. P. 56(a). Summary judgment is the moment in litigation where the non-moving party is required to marshal and present the court with evidence on which a reasonable jury could rely to find in his favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. [A] court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *see Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

## DISCUSSION

A social security claimant must file a civil action in federal district court within sixty days after receiving notice from the Appeals Council informing the claimant that the body made a final decision. The Plaintiff's date of receipt of the notice is presumed to be five days after the date that it is issued. 20 C.F.R. §§ 416.1401, 422.210(c).

On September 4, 2015, the Appeals Council denied the Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner, upon which it issued the Plaintiff's notice to file a claim for review in this Court. (Hartt Decl. at 24–27.) Thus, the Plaintiff's presumptive date of receipt was September 9, 2015. The Plaintiff's counsel filed a letter on October 30, 2015, asking the Appeals Council to extend the Plaintiff's

date to file his Complaint in this Court. (*Id.* at 29.) The Appeals Council denied that request, finding that the Plaintiff did not provide good cause. Therefore, the filing deadline for an action in this Court remained November 9, 2015.[2] The Plaintiff, however, did not file his Complaint [ECF No. 1] until November 17, 2015. Thus, the Plaintiff's action is barred by the 60-day limitation set forth in 42 U.S.C. § 405(g), unless he can now provide a basis for equitable tolling. Here, under Seventh Circuit precedent, the Plaintiff has not alleged circumstances that justify extending the statute of limitations beyond sixty days.

First, regulations permit the Social Security Administration, upon a showing of good cause, to extend the time for filing an action in federal district court. *See* 20 C.F.R. §§ 416.1411, 416.1482; *see also Loyd v. Sullivan*, 822 F.2d 218, 219 (7th Cir. 1989) ("[T]he decision to grant an extension rests within the discretion of the [Commissioner] . . . ."). The Appeals Council will extend the time for filing an action in federal district court only upon a showing of good cause. *See* C.F.R. §§ 416.1411, 416.1482. A court determines good cause upon considering the circumstances that kept the plaintiff from making the request on time, including whether an action by the Social Security Administration misled the plaintiff; whether the plaintiff did not understand the legal requirements; or whether any physical, mental, education, or linguistic limitations prevented a timely filing. 20 C.F.R. § 416.1411(a). The regulations also list examples of circumstances where good cause may exist, such as serious illness that prevents the claimant from contacting the Appeals Council, a death or serious illness in the claimant's immediate family, destruction of important records in a fire or other accident, or not receiving the notice sent by the Appeals Council. 20 C.F.R. § 416.1411(b).

---

[2] Although November 8, 2015, is sixty days after September 9, 2015, November 8 fell on a Sunday. Under Rule 6(a)(1) of the Federal Rules of Civil Procedure, the Plaintiff was entitled to file the following day.

3

On October 30, 2015, the Plaintiff requested an extension because his counsel needed more time to procure necessary forms from the Plaintiff to prepare the filing. (Hartt Decl. at 29.) This was the only reason given. The Plaintiff now alleges, for the first time, that multiple address and telephone number changes due to homelessness and incarceration caused the delay in filing his Complaint. The original extension request did not include this information, and as such this information was not considered by the Appeals Council. The Plaintiff did not allege any action by the Social Security Administration that misled him, an inability to understand the legal requirements, or that any impairment prevented him from filing timely. *See* 20 C.F.R. § 416.1411(a). Accordingly, the Appeals Council denied the Plaintiff's request, and Plaintiff's counsel acknowledged that any complaint needed to be filed by November 9, 2015.

Scenarios in which an extension should be granted are enumerated in 20 C.F.R. § 416.1411, and these scenarios share the common elements of (1) lack of awareness of the filing date, such as lack of receipt of the notice of decision or Agency miscommunication, or (2) intervening events that prevented timely filing, for reasons out of the plaintiff's control. *See Neuzil v. Astrue*, No. 2:12-CV-34, 2013 WL 2445212 at *6 (M.D. Tenn. June 5, 2013) (declining to find good cause where the plaintiff made mistakes). "Good cause . . . requires a showing of something more than negligent forgetfulness." *Suciu v. Barnhart*, 405 F. Supp. 2d 874, 879 (M.D. Tenn. 2005) (applying a similar provision in 20 C.F.R. § 404.957). The Plaintiff did not raise these types of allegations at the time he requested an extension to the Appeals Council, and therefore did not provide good cause for an extension.

The Plaintiff also argues that he is entitled to equitable tolling because he demonstrated diligence in contacting his attorney to update his contact information and whereabouts. The 60-day time limit at issue is a statute of limitations and is not jurisdictional. *Bowen v. City of New*

*York*, 476 U.S. 467, 478 (1986). "While in most cases the Secretary will make the determination whether it is proper to extend the period within which to review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Id.* at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). In the Seventh Circuit, however, "[e]quitable tolling is a doctrine used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time. It applies only to cases in which circumstances prevent a litigant from filing despite the exercise of due diligence, regardless of the defendant's conduct." *Bensman v. U.S. Forest Service*, 408 F.3d 945, 964 (7th Cir. 2005) (internal citations omitted).

Equitable tolling is appropriate where a plaintiff receives misleading information from a Social Security office, *Bolden v. Chater*, No. 94-C-7675, 1996 WL 374122, at *1–2 (N.D. Ill. June 28, 1996), or when a pro se Plaintiff is unsure of the filing deadline and attempts diligently (albeit unsuccessfully) to contact a Social Security office to uncover the deadline, *James v. Berryhill*, No. 17-C-5252, 2017 WL 5128984, at *2 (N.D. Ill. Nov. 6, 2017). The Seventh Circuit strictly construes equitable tolling, and ordinarily even good faith errors by an attorney or client are an insufficient to invoke the doctrine. *Wilson v. Battles*, 302 F.3d 745, 748–49 (7th Cir. 2002). In this circuit, equitable tolling is not appropriate when a pro se litigant is aware of a filing deadline, has not been misled by the Social Security Administration, and does not timely file a complaint. *See Chamberlain v. Colvin*, 2016 WL 2609578, at *4–5 (N.D. Ind. May 5, 2016); *see also Nielson* v. *Astrue*, No. 10-C-4647 (N.D. Ill. June 6, 2011).

The instant case is more like *Chamberlain* and *Nielson*, and less like *Bolden* or *James*, and hence equitable tolling is inappropriate. Diligence correspondence between attorney and client is different from diligently pursuing and filing a claim. The 60-day statute of limitations

5

provided by Congress serves to "move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen*, 476 U.S. at 481. Here, the Plaintiff and counsel were aware of the correct deadline for the Complaint. The Social Security Administration did not mislead the Plaintiff or counsel. The Plaintiff has not demonstrated the kinds of extraordinary circumstances needed to invoke equitable tolling of the filing deadline in the Seventh Circuit. As such, the Plaintiff's civil action is time barred.

## CONCLUSION

For the forgoing reasons, the Court **GRANTS** the Defendant's Motion for Summary Judgment [ECF No. 12].

SO ORDERED on December 5, 2017.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
